|   |   |
|---|---|
| 1 | BENJAMIN B. WAGNER |
|   | United States Attorney |
| 2 | DONNA L. CALVERT |
|   | Acting Regional Chief Counsel |
| 3 | DANIEL P. TALBERT |
| 4 | Special Assistant United States Attorney |
|   |     Social Security Administration |
| 5 |     160 Spear Street, Suite 800 |
|   |     San Francisco, CA 94105 |
| 6 |     Telephone: (415) 977-8926 |
| 7 |     Facsimile: (415) 977-8873 |
| 8 | Attorneys for Defendant |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| GALINA USHAKOVA, | ) | CASE NO. 2:11-CV-01920-KJN |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) | STIPULATION AND ORDER |
| vs. | ) | FOR THE AWARD OF ATTORNEY FEES |
|  | ) | PURSUANT TO THE EQUAL ACCESS TO |
| MICHAEL J. ASTRUE, | ) | JUSTICE ACT, 28 U.S.C. § 2412(d) |
| Commissioner of Social Security, | ) |  |
| Defendant. | ) |  |

IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that the previously filed Equal Access to Justice Act (EAJA) application is hereby withdrawn.

IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees under the EAJA in the amount of TWO THOUSAND SEVEN HUNDRED FORTY-TWO dollars and 71 cents ($2,742.71).

Stip. & Order for EAJA                    1

This amount represents compensation for all legal services rendered on behalf of Plaintiff, to date, by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412.

After the Court issues an order for EAJA fees and expenses to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees and expenses to Plaintiff's attorney. Pursuant to <u>Astrue v. Ratliff</u>, 130 S. Ct. 2521 (2010), the ability to honor the assignment will depend on whether the fees and expenses are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees and expenses is entered, the government will determine whether they are subject to any offset.

Fees and expenses shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Jesse S. Kaplan, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and expenses, and does not constitute an admission of liability on the part of Defendant under the EAJA. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees and expenses in connection with this action.

1   This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act
2   attorney fees under 42 U.S.C. § 406, subject to the offset provisions of the EAJA.
3   Respectfully submitted November 6, 2012

Dated: November 6, 2012

          Respectfully submitted,
          */s/ Jesse S. Kaplan*
          (As authorized via email)
          JESSE S. KAPLAN
          Attorney for Plaintiff


          BENJAMIN B. WAGNER
          United States Attorney

Date: November 6, 2012      By *s/ Daniel P. Talbert*
          DANIEL P. TALBERT
          Special Assistant U. S. Attorney

          Attorneys for Defendant Michael J. Astrue

**ORDER**

Pursuant to stipulation, it is so ordered.

**Date:** <u>11/8/2012</u>

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE